# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHI FEI LIAO, | : | CIVIL ACTION NO. 1:17-CV-969 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| CRAIG A. LOWE, | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 19th day of December, 2018, upon consideration of the petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner Zhi Fei Liao ("Liao"), wherein Liao contends that he has been subject to detention by Immigration and Customs Enforcement for an unreasonably long period of time in violation of his constitutional rights and requests immediate release from custody, and further upon consideration of the report (Doc. 20) of Chief Magistrate Judge Susan E. Schwab, recommending that the court deny Liao's petition as he is being detained pursuant to 8 U.S.C. § 1226(a) and has not alleged any constitutional defect with his initial bond hearing nor attempted to show a material change in his circumstances, (see id. at 9-10), and it appearing that no party has objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive

legal issues raised by the report," Henderson, 812 F.2d 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b) advisory committee notes, and, following an independent review of the record, the court being in agreement with Judge Schwab's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The report (Doc. 20) of Magistrate Judge Schwab is ADOPTED.[1]

2. Liao's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

                                             /S/ CHRISTOPHER C. CONNER
                                             Christopher C. Conner, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania

---

[1] Shortly after Judge Schwab issued her report, the Third Circuit Court of Appeals decided Liao's then-pending appeal of the decision of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an Immigration Judge's order removing Liao from the United States. Liao v. Att'y Gen. of U.S., __ F.3d __, 2018 WL 6445726 (3d Cir. Dec. 10, 2018). The Third Circuit reversed the BIA's determination that Liao's state conviction for endangering the welfare of a child qualified as a "crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i). Id. at *5, 7. The court then remanded the case to the BIA to determine if Liao's terroristic threats conviction rendered him removable—an issue the BIA had not reached. Id. at *1 & nn.1-2, 7. The Third Circuit's reversal and remand to the BIA to consider the alternate ground for removal does not affect the substantive analysis of Judge Schwab's report.